UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff<br><br>v.<br><br>EDMOND HARRIS,<br>  Defendant | Case No. 21-cr-00392<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Edmond Harris's ("Defendant") motion to dismiss [135] Counts Two, Three, Six, Seven, and Eight from the superseding indictment [36] pursuant to Federal Rule of Criminal Procedure 12. The superseding indictment alleges *inter alia* that Defendant violated 18 U.S.C. § 2119, which criminalizes the knowing taking of a motor vehicle from another by force, violence and intimidation (what is colloquially referred to as "carjacking"). For the following reasons, Defendant's motion is denied.

**I.  Background**

   a.  The Second Superseding Indictment

On October 27, 2021, a grand jury returned a second superseding indictment (the "Indictment") against Defendant. [36]. The Indictment charges that Defendant committed the following offenses: Count 1 charges conspiracy to commit a carjacking, Counts 2 and 6 charge both attempted and completed carjacking; Count 4 charges attempted carjacking; Count 5 charges using a firearm during and in relation to attempted carjacking as a crime of violence; Counts 3 and 7 charge using a firearm

1

during and in relation to both attempted and completed carjacking; and Count 8 charges causing the death of another through the use of a firearm "during the perpetration and attempted perpetration of a robbery" by commission of Counts 6 and 7. [36].

    b. *Taylor* Challenges

As noted, Counts 3, 5, and 7 charge Defendant with violating 18 U.S.C. § 924(c)(1)(A), which authorizes enhanced punishments for those who use a firearm in connection with an act of violence. After the grand jury returned the Indictment, the Supreme Court held in *United States v. Taylor* that certain attempt offenses do not qualify as a crime of violence sufficient to support a charge under Section 924(c)(1)(A). 596 U.S. 845 (2022). The Government then voluntarily dismissed Count 5 because its Section 924(c) count was predicated solely on Count 4's attempted carjacking offense, which the Government recognized was no longer valid in light of the Supreme Court's reasoning in *Taylor*. [77]; [143] at 3. The Government did not dismiss Counts 3 and 7, which both contain Section 924(c) counts predicated on attempted *and* completed carjacking. The Government likewise did not dismiss Count 8, which charges Defendant with causing the death of another and is predicated on Defendant's 924(c) violation alleged in Count 7.

Defendant now moves to dismiss Counts 3, 5, and 8 on the basis that each Count charges Defendant with a Section 924(c) predicated on an attempted carjacking and therefore violates *Taylor*.

    c. Duplicity Challenges

2

Separately, Defendant moves to dismiss Counts 2, 6, and 8[1] on the basis that each Count is duplicitous because it charges Defendant with both attempted carjacking and completed carjacking. Defendant argues that carjacking and attempted carjacking are two separate offenses, and by including both offenses in a single count, each count is fatally defective.

  d. The Proposed Strikes to the Indictment

Following the Supreme Court' decision in *Taylor*, the Government sought to file a and amended Indictment that struck the "attempted" carjacking language from the counts at issue (the "Proposed Strikes"). [143] at 2; [176] at 18. Defendant opposes, arguing that by striking the language from the Indictment, the Government would "substitut[e] a new legal basis for indictment that was never presented to or explained to the grand jury." [175] at 4.

**II. Legal Standards**

  a. Motion to Dismiss

Fed. R. Crim. P. 12(b)(2) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." When considering a motion to dismiss under Rule 12(b)(2), "a court assumes all facts in the indictment are true and must 'view all facts in the light most favorable to the government.'" *United States v. Segal*, 299 F. Supp. 2d 840, 844 (N.D. Ill.2004) (quoting *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999)). When viewed in that light, an indictment is sufficient if it satisfies three, constitutionally-

---

[1] Count 8 does not itself charge attempted and completed carjacking, but it is predicated on the attempted and completed carjacking charged in Count 6. [36] at 10.

3

mandated requirements. *United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002). "First, [an indictment] must adequately state all of the elements of the crime charged; second, it must inform the defendant of the nature of the charges so that he may prepare a defense; and finally, the indictment must allow the defendant to plead the judgment as a bar to any future prosecution for the same offense." *Id.* (citing *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000)).

      b. Amendments to an Indictment

The Fifth Amendment requires that felony charges "be framed by a grand jury and that a defendant may be tried for a felony only on the charges the grand jury approved, as it approved them, and no others." *United States v. Leichtnam*, 948 F.2d 370, 375 (7th Cir. 1991). "It is the exclusive prerogative of the grand jury finally to determine the charges, and once it has done so neither a prosecutor nor a judge can 'change the charging part of an indictment to suit [his or her] own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes.'" *Id.* at 376 (quoting *Ex parte Bain*, 121 U.S. 1, 10 (1887)).

Generally, then, an indictment may not be "amended except by resubmission to the grand jury." *Id.* (citing *Russell v. United States*, 369 U.S. 749, 770 (1962)). However, there are two exceptions to this general rule. The first is that an indictment may be modified when the changes are merely "a matter of form;" that is, an indictment can be modified to correct for typographical or clerical errors. *Id.* The second exception—relevant here—is where the evidence or charges submitted to the

jury at trial are "simply a more limited version of the charges in the indictment." *Id*. In other words, "[a]n indictment *may be narrowed*, either constructively or in fact, without resubmitting it to the grand jury." *Id* [emphasis added]. The includes, for example, a situation where "a single count of an indictment charges more than one commission of the same offense (or more than one way of committing it), yet either the evidence, the instructions to the jury or both cover only one—or the indictment is physically amended to charge only one." *Id*. (citations omitted). This is because "what is left when those words are taken out . . . is something less than what the grand jury charged . . . [b]ut it is still a criminal offense and one that the grand jury clearly set out in its indictment." *Id*. Where "no offense not charged in the original indictment has been added, and no possible basis for conviction not contained in the original indictment has been created," the exception applies. *Id*. at 377; *see also U.S. v. Miller*, 471 U.S. 130, 136 (1985) ("The [Supreme] Court has long recognized that an indictment may charge numerous offenses or the commission of any one offense in several ways. As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime."); *U.S. v. Alhalabi*, 443 F.3d 605, 613 (7th Cir. 2006) ("An amendment or change to an indictment will be allowed to stand if it does not change an essential or material element of the charge so as to cause prejudice to the defendant.") (cleaned up).

    c. Duplicity

5

A count is duplicitous if it charges more than one distinct and separate offense. *United States v. O'Brien*, 953 F.3d 449, 454 (7th Cir. 2020). The dangers of a duplicitous indictment are that the defendant (1) may not understand the charges against him, 2) may be convicted by a less than unanimous jury, 3) may be prejudiced by evidentiary rulings at trial, or 4) may be subjected to double jeopardy. *See United States v. Davis*, 471 F.3d 783, 790 (7th Cir. 2006). The prejudice imposed by duplicitous counts may be cured by limiting instructions to the jury requiring unanimity on either of the of the offenses charged in a single count. *United States v. Buchmeier*, 255 F.3d 415, 425 (7th Cir. 2001) (citing *United States v. Marshall*, 75 F.3d 1097 (7th Cir. 1996) (upholding an indictment containing a count that included "arguably separate and distinct" offenses where district court avoided prejudice by instructing the jury on unanimity).

**III. Analysis**

Defendant contends that each implicated Section 924(c) count is fatally defective because each was based on a defective legal theory in light of *Taylor*. But a grand jury must find probable cause as to each conjunctively phrased clause in the indictment. *See United States v. Jones,* 418 F.3d 726, 730 (7th Cir. 2005). That means that in order to return the Indictment, the grand jury must have found probable cause that Defendant both (1) did take and (2) did attempt to take the vehicle in question. The Government responds that any problem with the Indictment—stemming either from duplicitous counts or from *Taylor*—would be remedied by its Proposed Strikes to the Indictment. Assuming Defendant is correct that the second of those findings is, after

6

*Taylor,* legally insufficient to support a Section 924(c) claim, the Proposed Strikes to the Indictment resolve that problem by removing the legally insufficient predicate while leaving intact the legally sufficient predicate.

Defendant objects, arguing primarily that the Government's proposal would "supplant[] the whole legal construct under which the indictment was obtained," and "substitute[] [the Government's] judgment for that of the grand jury," [175] at 5. The Court disagrees. The Government's Proposed Strikes would *only* strike language charging attempted carjacking language from the Indictment. It would not "supplant" or "substitute" anything. For example, Count 2 of the Indictment reads:

> [Defendant], with intent to cause death and serious bodily harm, did take *and attempt to take* a motor vehicle, namely a 20LL Mitsubishi Outlander SUV with vehicle identification number JA4AP 4AU0BZO2459L, that had been transported, shipped, and received in interstate commerce from the person and presence of Victim A by force, violence, and intimidation

[36] at 4 (emphasis added). The Government's Proposed Strikes to Count 2 would strike the words "and attempt to take" from the indictment but make no other changes. [143-1] at 4. The Proposed Strikes would leave "something less than what the grand jury charged," but something that is "still a criminal offense and one that the grand jury clearly set out in its indictment." *Leichtnam*, 948 F.2d at 376. Because "[a]n indictment *may be narrowed,* either constructively or in fact, without resubmitting it to the grand jury," *Leichtnam*, 948 F.2d at 376, adopting the Government's Proposed Strikes does not violate Defendant's rights to a grand jury.

The parties also dispute whether attempted carjacking is a separate offense from completed carjacking such that a duplicity problem exists at all. The Court declines

7

to resolve this argument because assuming *arguendo* the relevant counts are duplicitous, the Proposed Strikes solves the duplicity problem by striking the extraneous offense from each count.[2]

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss [135] Counts Two, Three, Six, Seven, and Eight from the superseding indictment is denied. The Government is to file the Proposed Strikes [143-1] as a separate docket entry within 7 days of this order.

E N T E R:

Dated: November 14, 2025

*Mary M Rowland*

---

[2] Even if the duplicative counts remained in the Indictment, that would not require dismissal because Defendant does not argue that he faces any prejudice or lacks notice of what the Indictment charges. That means any duplicity problems can be resolved by including a jury instruction requiring unanimity. *See Buchmeier,* 255 F.3d 415, 425 (7th Cir. 2001); *United States v. Nattier,* 127 F.3d 655, 657 (8th Cir. 1997) ("The risk inherent in a duplicitous count . . . may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act."); *United States v. Trammell,* 133 F.3d 1343, 1354–55 (10th Cir. 1998) ("'One cure for an otherwise duplicitous indictment is to give an augmented instruction requiring unanimity on one or the other of the acts charged within a count that otherwise appear to constitute separate offenses.'") (citation omitted).

8