

FILED
1/13/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

EDMOND HARRIS

No. 21 CR 392

Judge Mary M. Rowland

## PLEA AGREEMENT

1. This Plea Agreement between the United States Attorney for the Northern District of Illinois, ANDREW S. BOUTROS, and defendant EDMOND HARRIS, and his attorneys, KENT CARLSON and MOLLY ARMOUR, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rules 11(c)(1)(A) and 11(c)(1)(C), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2. The second superseding indictment in this case charges defendant with conspiracy to commit carjacking, in violation of Title 18, United States Code, Section 371 (Count 1); carjacking, in violation of Title 18, United States Code, Section 2119 (Count 2); using, carrying, and brandishing a firearm during and in relation to a crime of violence, namely, carjacking, in violation of Title 18, United States Code, Section 2119, as charged in Count 2 of the second superseding indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A) (Count 3); attempted carjacking, in violation of Title 18, United States Code, Section 2119 (Count 4); carjacking resulting in death, in violation of Title 18, United States Code, Section 2119 (Count

6); using, carrying, and brandishing a firearm during and in relation to a crime of violence, namely, carjacking, in violation of Title 18, United States Code, Section 2119, as charged in Count 6 of the second superseding indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A) (Count 7); and in the course of a violation of Title 18, United States Code, Section 924(c), as charged in Count 7 of the second superseding indictment, using, carrying, brandishing, and discharging a firearm, during and in relation to a crime of violence, namely, carjacking, in violation of Title 18, United States Code, Section 2119, as charged in Count 6 of the second superseding indictment, causing the death of Javier Ramos through the use of the firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a), in that defendant, with malice aforethought, killed Javier Ramos during the perpetration of a robbery, in violation of Title 18, United States Code, Section 924(j)(1) (Count 8).

3.    Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorneys.

4.    Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charges to Which Defendant Is Pleading Guilty

5.    By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the second superseding indictment: Count 1, which charges defendant with conspiracy to commit carjacking, in violation of Title 18, United States Code, Section 371; Count 2, which charges defendant with carjacking,

in violation of Title 18, United States Code, Section 2119; Count 3, which charges defendant with using, carrying, and brandishing a firearm during and in relation to a crime of violence, namely, carjacking, in violation of Title 18, United States Code, Section 2119, as charged in Count 2 of the second superseding indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A); Count 4, which charges defendant with attempted carjacking, in violation of Title 18, United States Code, Section 2119; Count 6, which charges defendant with carjacking resulting in death, in violation of Title 18, United States Code, Section 2119; Count 7, which charges defendant with using, carrying, and brandishing a firearm during and in relation to a crime of violence, namely, carjacking, in violation of Title 18, United States Code, Section 2119, as charged in Count 6 of the second superseding indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A); and Count 8, which charges defendant with, during the course of a violation of Title 18, United States Code, Section 924(c), as charged in Count 7 of the second superseding indictment, using, carrying, and brandishing a firearm during and in relation to a crime of violence, namely, carjacking, in violation of Title 18, United States Code, Section 2119, as charged in Count 6 of the second superseding indictment, causing the death of Javier Ramos through the use of the firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a), in that defendant, with malice aforethought, killed Javier Ramos during the perpetration of a robbery, in violation

3

of Title 18, United States Code, Section 924(j)(1). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

## Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One, Two, Three, Four, Six, Seven, and Eight of the second superseding indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

As to Count One, beginning on or about January 19, 2021, and continuing until on or about January 20, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant EDMOND HARRIS conspired with others known and unknown, to take a motor vehicle from the presence of another person by force and violence and by intimidation, with intent to cause death or serious bodily harm, which vehicle had been transported, shipped, and received in interstate commerce, in violation of Title 18, United States Code, Section 2119, all in violation of Title 18, United States Code, Section 371.

As to Count Two, on or about January 20, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, with intent to cause death or serious bodily harm, did take a motor vehicle, namely, a 2011 Mitsubishi Outlander SUV with vehicle identification number JA4AP4AU0BZ024591, that had been transported, shipped, and received in interstate commerce from the person and

4

presence of Victim A by force, violence, and intimidation, in violation of Title 18, United States Code, Sections 2119.

As to Count Three, on or about January 20, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, defendant did use, carry, and brandish a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, carjacking, in violation of Title 18, United States Code, Section 2119, as charged in Count Two of the second superseding indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

Specifically, between January 19 and January 20, 2021, defendant and others agreed to use stolen vehicles and firearms in order to take a motor vehicle from the presence of another person by force and violence and by intimidation. Additionally, defendant and others obtained stolen vehicles, including a Dodge Journey with vehicle identification number 3C4PDCAB1DT733316, and used those vehicles to carjack victims and obtain additional motor vehicles. During the conspiracy, defendant and others obtained, possessed, and brandished a firearm in connection with the taking of a motor vehicle.

In furtherance of the conspiracy, at approximately 6:36 a.m. on January 20, 2021, defendant and another individual carjacked Victim A at gunpoint on the 200 block of S. Wacker Drive in Chicago. Victim A, a driver for a ride share service, was parked in his running 2011 Mitsubishi Outlander SUV, with vehicle identification number JA4AP4AU0BZ024591, in front of a building on the 200 block of S. Wacker

5

Drive after having dropped off a customer. Defendant, driving the stolen Dodge Journey, drove up and stopped in front of Victim A's vehicle. The other individual, wearing a mask, jumped out of the front passenger's side of the Dodge Journey and went to the driver's side of Victim A's vehicle. That individual pointed a firearm at Victim A and demanded Victim A exit the vehicle and give him Victim A's phone. Victim A complied. The other individual then got into Victim A's vehicle and drove from the scene in the stolen vehicle. Defendant drove away in the stolen Dodge Journey.

Defendant acknowledges that the Mitsubishi had been transported, shipped, or received in interstate commerce.

As to Count Four, on or about January 20, 2021, at Oak Park, in the Northern District of Illinois, Eastern Division, defendant, with intent to cause death or serious bodily harm, did attempt to take a motor vehicle, namely, a 2019 Nissan Altima with vehicle identification number 1N4BL4CV7KC223772, that had been transported, shipped, and received in interstate commerce from the person and presence of Victim B by force, violence, and intimidation, resulting in serious bodily injury to Victim B, in violation of Title 18, United States Code, Section 2119.

Specifically, from the scene of the armed carjacking on the 200 block of S. Wacker Drive (described above), defendant drove to Oak Park, Illinois, in the stolen Dodge Journey. At approximately 7:10 a.m., defendant attempted to carjack Victim B at gunpoint on the 1100 block of S. Maple Avenue in Oak Park. Victim B, a driver

6

for a ride share service, was parked in his running 2019 Nissan Altima with vehicle identification number 1N4BL4CV7KC223772, in front of a gas station on the 1100 block of S. Maple Avenue. Defendant, driving the stolen Dodge Journey, drove up and stopped on the other side of the street from where Victim B's vehicle was parked. Defendant exited the driver's side of the Dodge Journey and approached the driver's side of Victim B's vehicle, while brandishing a firearm. Victim B attempted to drive off. Defendant shot Victim B in the head. Victim B sustained permanent and life-threatening bodily injuries but survived. Defendant ran back to his stolen Dodge Journey and drove home, parking the Dodge Journey on the 1300 block of S. Independence, near defendant's residence.

Defendant acknowledges that Victim B's Altima had been transported, shipped, or received in interstate commerce.

As to Count Six, on or about March 23, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, with intent to cause death or serious bodily harm, did take a motor vehicle, namely, a 2013 Lexus GS sedan with vehicle identification number JTHCE1BL5D5013085, that had been transported, shipped, and received in interstate commerce from the person and presence of victim Javier Ramos by force, violence, and intimidation, resulting in the death of victim Javier Ramos, in violation of Title 18, United States Code, Section 2119.

As to Count Seven, on or about March 23, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, defendant did use, carry, and brandish a

7

firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, carjacking, in violation of Title 18, United States Code, Section 2119, as charged in Count Six of the second superseding indictment, in violation of Title 18, United States Code, Section 924(c)(1)(A).

As to Count Eight, on or about March 23, 2021, at Chicago, in the Northern District of Illinois, Eastern Division, defendant, in the course of a violation of Title 18, United States Code, Section 924(c), as charged in Count Seven of the second superseding indictment, did use, carry, brandish, and discharge a firearm, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, carjacking, in violation of Title 18, United States Code, Section 2119, as charged in Count Six of the second superseding indictment, causing the death of victim Javier Ramos, through the use of the firearm, which killing was murder as defined in Title 18, United States Code, Section 1111(a), in that defendant, with malice aforethought, killed victim Javier Ramos during the perpetration of a robbery, all in violation of Title 18, United States Code, Section 924(j)(1).

Specifically, around 3:31 a.m. on March 23, 2021, defendant directed another individual to order a ride share for defendant to travel a short distance. Victim Javier Ramos, a driver for a ride share service, responded to this request in his 2013 Lexus GS sedan, with vehicle identification number JTHCE1BL5D5013085. At approximately 3:37 a.m., defendant carjacked Victim Javier Ramos at gunpoint and, in the course of committing the armed carjacking, murdered Ramos. Specifically,

8

defendant got in Ramos' vehicle and, shortly thereafter, at the intersection of S. Lawndale Avenue and W. Douglas Boulevard, defendant, during the perpetration of a robbery, shot Ramos in the head with defendant's firearm, resulting in Ramos' death. In doing so, defendant acted deliberately and intentionally, or willfully acted with callous disregard for Ramos' life, knowing that a serious risk of death or serious bodily harm would result. Defendant removed Ramos' body from the car and drove off in Ramos' vehicle.

7. Defendant acknowledges that Victim Javier Ramos' Lexus had been transported, shipped, or received in interstate commerce.

### Maximum Statutory Penalties

8. Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

a. Count 1 carries a maximum sentence of 5 years' imprisonment. Count 1 also carries a maximum fine of $250,000. Defendant further understands that, with respect to Count 1, the Court also may impose a term of supervised release of not more than three years.

b. Count 2 carries a maximum sentence of 15 years' imprisonment. Count 2 also carries a maximum fine of $250,000. Defendant further understands that, with respect to Count 2, the Court also may impose a term of supervised release of not more than three years.

c.      Count 3 carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 7 years. The sentence of imprisonment on Count 3 is required to be consecutive to any other sentence. Count 3 also carries a maximum fine of $250,000. Defendant further understands that, with respect to Count 3, the Court also may impose a term of supervised release of not more than five years.

d.      Count 4 carries a maximum sentence of 25 years' imprisonment. Count 4 also carries a maximum fine of $250,000. Defendant further understands that, with respect to Count 4, the Court also may impose a term of supervised release of not more than five years.

e.      Count 6 carries a maximum sentence of life imprisonment. Count 6 also carries a maximum fine of $250,000. Defendant further understands that, with respect to Count 6, the Court may also impose a term of supervised release of not more than five years.

f.      Count 7 carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 10 years. The sentence of imprisonment on Count 7 is required to be consecutive to any other sentence. Count 7 also carries a maximum fine of $250,000. Defendant further understands that, with respect to Count 7, the Court also may impose a term of supervised release of not more than five years.

10

g. Count 8 carries a maximum sentence of life imprisonment. Count 8 also carries a maximum fine of $250,000. Defendant further understands that, with respect to Count 8, the Court may also impose a term of supervised release of not more than five years.

h. Defendant further understands that the Court must order restitution to the victims of the offenses in an amount determined by the Court.

i. Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 as to each count to which he has pled guilty, in addition to any other penalty or restitution imposed.

j. Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is life imprisonment, and the minimum sentence is 17 years' imprisonment, which is required to be consecutive to any other sentence imposed. In addition, defendant is subject to a total maximum fine of $1,750,000, a period of supervised release, and special assessments totaling $700, in addition to any restitution imposed by the Court.

### Sentencing Guidelines Calculations

9. Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant;

11

(ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

10.     For purposes of calculating the Sentencing Guidelines, the government's position as of the date of this Agreement is as follows:

a.      **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2025 Guidelines Manual.

b.      **Offense Level Calculations.**

**Counts One & Two (Carjacking Conspiracy & Carjacking – Group A)**

i.      Pursuant to Guideline § 3D1.2(b), Counts One and Two group. Under Guideline § 2X1.1(a) and (b)(2), the guidelines calculation for Count One's conspiracy count is the same as for Count Two's substantive count.

12

ii.     The base offense level is 20, pursuant to Guideline § 2B3.1(a).

iii.     A two-level increase applies because the offense involved carjacking, pursuant to Guideline § 2B3.1(b)(5).

iv.     Accordingly, the total offense level for Counts One and Two is 22 (Group A).

### Count Four (Attempted Carjacking – Group B)

v.     The base offense level is 20, pursuant to Guideline § 2B3.1(a).

vi.     A seven-level increase applies because a firearm was discharged, pursuant to Guideline § 2B3.1(b)(2)(A).

vii.     A six-level increase applies because the victim sustained permanent or life-threatening bodily injury, pursuant to Guideline § 2B3.1(b)(3)(C).

viii.     Pursuant to Guideline § 2B3.1(b), the cumulative adjustments from application of paragraphs (2) and (3) of this subsection shall not exceed 11 levels.

ix.     A two-level increase applies because the offense involved carjacking, pursuant to Guideline § 2B3.1(b)(5).

x.     Accordingly, the total offense level for Count Four is 33 (Group B).

### Counts Six & Eight (Carjacking and 924(j)(1) – Group C)

13

xi.      Pursuant to Guideline § 2B3.1(c), because the victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, the cross-reference to § 2A1.1 applies. Pursuant to Guideline § 2A1.1, the base offense level is 43.

xii.      Accordingly, the total offense level for Count Six is 43 (Group C).

### Grouping

xiii.      Pursuant to Guideline § 3D1.2, Counts One and Two group (Group A) and Counts Six and Eight group (Group C).

xiv.      Pursuant to Guideline § 3D1.4, Group C (level 43) is the group with the highest offense level. Because Group A and Group B are each more than 9 levels less serious, they are disregarded, pursuant to Guideline § 3D1.4(c). Based on a total of one unit, the offense level remains 43, pursuant to Guideline § 3D1.4. Therefore, the total combined offense level for Counts 1, 2, 4, 6, and 8, prior to any adjustment for acceptance of responsibility, is 43.

### Count Three (18 U.S.C. § 924(c))

xv.      Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(ii) and Guideline § 2K2.4(b), defendant's guideline sentence with respect to Count Three is 84 months' imprisonment, which sentence shall run consecutively to any other sentence imposed on defendant.

14

## Count Seven (18 U.S.C. § 924(c))

xvi.     Pursuant to Title 18, United States Code, Section 924(c)(1)(A)(iii) and Guideline § 2K2.4(b), defendant's guideline sentence with respect to Count Seven is 120 months' imprisonment, which sentence shall run consecutively to any other sentence imposed on defendant.

## Acceptance of Responsibility

xvii.     The government understands that defendant will truthfully admit the conduct comprising the offenses of conviction and truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under Guideline § 1B1.3. If defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

xviii.     In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

15

c.     **Criminal History Category**. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal two, and defendant's criminal history category is II:

i.     On or about March 19, 2019, defendant was sentenced and/or adjudicated as a juvenile in the Circuit Court of Cook County, Illinois, (1) in case number 17JD00680; and (2) in case number 19JD00095. Pursuant to Guideline § 4A1.2(d)(2)(B), defendant receives one point for this sentence because it was imposed within five years of the commencement of the instant offense.

ii.    On or about July 20, 2020, defendant was sentenced and/or adjudicated as a juvenile in the Circuit Court of Cook County, Illinois, in case number 20JD00374. Pursuant to Guideline § 4A1.2(d)(2)(B), defendant receives one point for this sentence because it was imposed within five years of the commencement of the instant offense.

d.     **Anticipated Advisory Sentencing Guidelines Range**.

Therefore, based on the facts now known to the government, the anticipated offense level is 40, which, when combined with the anticipated criminal history category of II, results in an anticipated advisory sentencing guidelines range, for Counts One, Two, Four, Six, and Eight, of 324 to 405 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a total statutory minimum

16

sentence of 17 years' imprisonment on Counts Three and Seven of the second superseding indictment, which will be imposed consecutively to any sentence imposed on Counts One, Two, Four, Six, and Eight of the second superseding indictment.

e.     Defendant and his attorneys and the government acknowledge that the guidelines calculations set forth in this Agreement are preliminary in nature and are non-binding predictions upon which neither party is entitled to rely. Defendant understands the above calculations are based on information now known to the government and that further review of the facts or applicable legal principles may lead the government to change its position on the calculations. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the defendant's, the probation officer's, or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of a change in the government's position on the guidelines calculations or the Court's rejection of these calculations.

11.     Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by the government prior to sentencing. The government may correct these errors by a statement to the Probation Office or the Court, setting forth any changes in the government's position regarding the

17

guidelines calculations. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea on the basis of such corrections.

### Agreements Relating to Sentencing

12. This Agreement will be governed, in part, by Fed. R. Crim. P. 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a combined total term of imprisonment in the custody of the Bureau of Prisons of not less than 25 years and not more than 40 years. Each party is free to recommend whatever sentence it deems appropriate within this range. Other than the agreed terms of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes a term of incarceration in the agreed-upon range set forth, defendant may not withdraw this plea as a matter of right under Fed. R. Crim. P. 11(d) and (e). If, however, the Court refuses to impose a term of incarceration within the agreed-upon range set forth herein, thereby rejecting this Agreement, or otherwise refuses to accept defendant's plea of guilty, either party has the right to withdraw from this Agreement.

13. Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make full restitution to victims of the offenses, in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing.

14. Restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15. Defendant agrees to pay the special assessment of $700 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16. Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), and Title 31, United States Code, Sections 3711, 3716, and 3728, notwithstanding any payment schedule set by the Court. In the event of the death or dissolution of, or the government's inability to locate the named recipient(s) of restitution in the Judgment and Commitment Order, defendant agrees to not oppose efforts by the government to obtain an order substituting as payee a representative of the victim's estate, another family member, or any other person or successor entity appointed as suitable by the court, or the Crime Victims Fund.

### Forfeiture

17. Defendant understands that by pleading guilty, he will subject to forfeiture to the United States all right, title, and interest that he has in any property involved in the offense.

19

18. Defendant does not object to the entry of a forfeiture judgment as to the specific property identified for forfeiture in the second superseding indictment because defendant has no ownership or other interest in that property. Defendant consents to the immediate entry of a preliminary order of forfeiture as to this specific property, thereby extinguishing any right, title, or interest defendant has in it. If any of the specific property is not yet in the custody of the United States, defendant agrees to seizure of that property so that it may be disposed of according to law.

19. Defendant understands that forfeiture shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

20. Defendant agrees to waive all constitutional, statutory, and equitable challenges in any manner, including but not limited to direct appeal or a motion brought under Title 28, United States Code, Section 2255, to any forfeiture carried out in accordance with this agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel.

### Acknowledgments and Waivers Regarding Plea of Guilty

#### Nature of Agreement

21. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 21 CR 392.

20

22. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

23. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and, if he does, he would have the right to a public and speedy trial.

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorneys would participate in choosing the jury by requesting that the Court remove

21

prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.     If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorneys would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

22

vii.      At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

viii.      With respect to forfeiture, defendant understands that if the case were tried before a jury, he would have a right to retain the jury to determine whether the government had established the requisite nexus between defendant's offense and any specific property alleged to be subject to forfeiture.

b.      **Waiver of appellate and collateral rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal his conviction and the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Agreement. In addition, defendant also waives his right to challenge his conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code,

Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness or ineffective assistance of counsel, nor does it prohibit defendant from seeking a reduction of sentence based directly on a change in the law that is applicable to defendant and that, prior to the filing of defendant's request for relief, has been expressly made retroactive by an Act of Congress, the Supreme Court, or the United States Sentencing Commission.

24.     Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs. Defendant's attorneys have explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

25.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall endeavor to ensure that the relevant facts and sentencing factors, as applied to the facts, are brought to the District Court's attention fully and accurately, including facts related to the defendant's criminal conduct and related conduct, and any relevant information concerning the defendant's background, character, and conduct that the District Court may consider under 18 U.S.C. § 3661 in imposing a sentence.

26.     Defendant agrees to truthfully and completely execute a Financial Statement (with any supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States

Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

27.    For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Other Terms

28.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine and restitution for which defendant is liable, including

providing financial statements and supporting records as requested by the United States Attorney's Office.

29. Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### Conclusion

30. Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

31. Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of

limitations between the signing of this Agreement and the commencement of such prosecutions.

32.     Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

33.     Defendant and his attorneys acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

34.     Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorneys. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: 1/12/26

/s/ *Andrew S. Boutros* by CKV
ANDREW S. BOUTROS
United States Attorney

/s/ *Sivashree Sundaram*
SIVASHREE SUNDARAM
ELLY MOHEB
Assistants U.S. Attorneys

*Edmond Harris*
EDMOND HARRIS
Defendant

KENT CARLSON
MOLLY ARMOUR
Attorneys for Defendant

27